UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MINDY BRENNAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:22-cv-29 |
| | ) |
| FRONTIER SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## I. COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Mindy Brennan (hereafter "Brennan"), brings this action against Defendant, Frontier School Corporation, (hereafter "Defendant"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

## II. PARTIES

2. At all times relevant to this action, Brennan resided within the Northern District of Indiana.

3. At all times relevant to this action, Defendant maintained offices and conducted business within the Northern District of Indiana.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5. At all times relevant to this action, Brennan was an "employee" as that term is defined by 42 U.S.C. § 2000e(b).

6. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(f).

7. Brennan satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue notice to Brennan. She now timely files her lawsuit.

8. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Northern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

9. Brennan was hired by Defendant in or about August, 2017. At all times relevant, Brennan's primary position with Defendant has been Media Lab Professional.

10. In August 2019 Brennan was approached by Head of Basketball Kyle Marlatt ("Marlatt") about Brennan coaching the 7th grade girl's basketball team. Brennan accepted the offer. Brennan would have a contract and the position included a stipend to be paid to Brennan. Brennan was approved by the school board for the position.

11. Approximately 2 months after Brennan accepted the offer to coach and was approved, Marlatt approached Brennan again and requested that Brennan resign her coaching position so that Marlatt's personal friend, Derek Dean ("Dean") could be the head coach. Brennan declined to step down, and told Marlatt that she believed his suggestion was sexist. Marlatt, at least to Brennan, demurred and stated that Dean would be the assistant coach and that Brennan would remain head coach.

12. Brennan's complaint to Marlatt about sex discrimination constituted statutorily protected activity.

13. Marlatt contacted Athletic Director Troy Burgess ("Burgess"), and stated that

Brennan had stepped down and that Dean would be the head coach. Brennan was never told of this communication. Later, Superintendent Sichting fraudulently submitted Brennan's resignation to the school board and Dean was approved as coach. Again, Brennan was never informed of this development.

14. Brennan served as the head coach of the 7th Grade team throughout the season, with Dean as an assistant. In October, 2019 Marlatt issued a schedule that had Dean, not Brennan, listed as the head coach. Brennan complained to Marlatt and Marlatt issued a corrected schedule, having already fraudulently told the school board that Brennan had resigned the position. Other incidents of Marlatt issuing game flyers with Dean listed as head coach continued throughout the season.

15. In January, 2020, a player approached Brennan regarding concerns she and other players had with Dean. The players mentioned that Dean made them uncomfortable and forcefully grabbed the players or otherwise physically contacted them in inappropriate ways. Marlatt and Burgess were notified of these complaints but took no action to address them. Dean remained with the basketball program and his inappropriate interactions with players continued.

16. Brennan's complaints about Dean constituted statutorily protected activity.

17. In February, 2020 Marlatt expressed that he was happy with Brennan's performance as coach and asked her to return as head coach the following season. Brennan accepted this offer.

18. In March, 2020, after additional concerns about Dean were related to Marlatt, Marlatt requested a written statement from Brennan about Dean's behavior. After Brennan submitted her statement, Dean began menacing Brennan by inexplicably loitering outside her

3

classroom. Brennan reported safety concerns to the school's resource officer. These complaints constituted statutorily protected activity.

19. In October, 2020, without any previous warning, Marlatt informed Brennan that she would not be the coach of the team for the upcoming season. Brennan asked Marlatt why she was being terminated from the coaching position but Dean, having multiple complaints raised about him from players and other coaches, had been allowed to continue as a coach the previous season. Marlatt then falsely denied that Brennan ever raised the players concerns regarding Dean's behavior to Marlatt or Burgess. Brennan later learned that Marlatt had never communicated her and others' concerns about Dean's inappropriate conduct to anyone else in the Defendant's hierarchy. After learning of this, Brennan submitted concerns regarding Dean's conduct to the Vice Principal.

20. Brennan was never paid the full amount of the stipend she was guaranteed when she accepted the coaching position nor was she presented with a written contract for the position. She also later learned that her male assistants were paid more than her for their coaching positions. After being confronted by the Superintendent about many of these discrepancies, Marlatt attempted to create a false alternative time line, despite voluminous documented evidence supporting Brennan's recounting.

21. Brennan was terminated from her coaching position because of her sex and because she engaged in statutorily protected activity.

22. Any other reason given by Defendant for the actions taken against her are pretext.

23. Brennan suffered damages as a result of Defendant's actions.

## V.  CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VII- RETALIATION

24. Brennan hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25. Defendant took unlawful employment actions against Brennan because she had complained of sex discrimination.

26. Defendant afforded more favorable treatment to Brennan's similarly situated individuals that had not complained of sex discrimination.

27. Defendant's actions were intentional, willful and in reckless disregard of Brennan's rights as protected by the Title VII.

28. Brennan has suffered harm as a result of Defendant's unlawful actions.

### COUNT TWO: VIOLATION OF TITLE VII - DISCRIMINATION

29. Brennan hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint.

30. Defendant took unlawful employment actions, including termination, against Brennan based on her sex.

31. Defendant's actions were intentional, willful and in reckless disregard of Brennan's rights as protected by the Title VII.

32. Brennan has suffered harm as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Mindy Brennan, respectfully requests that this Court enter judgment in her favor as follows:

1. Find and hold that Brennan has suffered from Defendant's acts of unlawful

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended;

2. Order Defendant to pay Brennan all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Order Defendant to pay compensatory and punitive damages to Brennan;

4. Order Defendant to pay to Brennan all costs and attorney's fees incurred as a result of her bringing this action;

5. Order Defendant to pay to Brennan pre- and post-judgment interest on all sums recoverable, and;

6. Award all other relief that is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, Mindy Brennan, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Keenan D. Wilson*
Keenan D. Wilson, Attorney No. 32195-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:       jhaskin@jhaskinlaw.com
             kwilson@jhaskinlaw.com
Attorneys for Plaintiff: Mindy Brennan